UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM and LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND, <br><br>    Plaintiffs, <br><br> v. <br><br> CORNERSTONE HOUSING DEVELOPMENT LLC, an Illinois limited liability company, <br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND ("Pension Fund"), the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND ("Welfare Fund"), the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trainee Fund"), and the LABOR/MANAGEMENT UNION CARPENTRY COOPERATION PROMOTION FUND ("Labor/Management Fund) and their respective trustees (hereinafter, collectively the "Trust Funds"), by their attorney, Kevin P. McJessy, complain of Defendant, CORNERSTONE HOUSING DEVELOPMENT LLC, an Illinois limited liability company ("Defendant") as follows.

## SUMMARY OF THIS ACTION

1. The Trust Funds bring this action against the Defendant under ERISA because the Defendant has failed to produce books and records to the Trust Funds or their designated auditors, Legacy Professionals, LLP ("Legacy Professionals") sufficient for an accurate and complete assessment/audit of Defendant's fringe benefit contributions for the period June 9, 2014 to March 31, 2015 ("Audit Period") and/or because Defendant failed to pay amounts owed to the Trust Funds pursuant to the Area Agreement and the Trust Agreements for the Audit Period. The Trust Funds seek production of books and records from Defendant for an audit of Defendant's fringe benefit contributions to the Trust Funds during the Audit Period and payment of all contributions found owing, interest and liquidated damages, auditors' fees and attorneys' fees and costs.

## JURISDICTION

2. This Court has jurisdiction over this matter based on questions arising under §502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and §301 of the Taft-Hartley Act. (29 U.S.C. §§ 1132 and 185).

## VENUE

3. Venue is proper in this District because the Trust Funds are multi-employer employee benefit plans which are located in and administered in Chicago, Illinois.

## THE PARTIES

4. **The Trust Funds.** The Trust Funds receive contributions from numerous employers pursuant to Area Agreements ("Area Agreements") between the employers and the Chicago and Northeast Illinois Regional Council of Carpenters, successor of the Chicago District

2

Council of Carpenters, (hereinafter referred to as the "Union"), and therefore, are multi-employer plans. (29 U.S.C. §1002).

5. The Trust Funds collect contributions on their own behalf and on behalf of related funds which have charged the Trust Funds with the obligation to collect contributions.

6. The Trust Funds then use the contributions to provide medical, pension, training and other benefits to Union carpenters and other persons.

7. **Defendant.** Defendant is an Illinois limited liability company engaged in an industry affecting commerce.

8. Defendant signed a Memorandum of Agreement ("Agreement") with the Union on June 9, 2014 pursuant to which it agreed to be bound by the Area Agreements and by the terms of the trust agreements establishing each of the Trust Funds. The Agreement, the Area Agreements, the trust agreements and the rules adopted by the Trust Funds are hereinafter collectively referred to as "Agreements."

## GENERAL ALLEGATIONS

9. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to maintain books and records required by the Trust Funds and their designated auditor sufficient for the Trust Funds or their designated auditor to determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds under the Agreements.

10. The Agreements and ERISA, 29 U.S.C. §1059, require Defendant to produce such books and records to the Trust Funds or their designated auditor so that the Trust Funds or their designated auditor can determine whether Defendant has accurately reported and paid contributions it owes to the Trust Funds.

11. The Agreements require Defendant to contribute to the Trust Funds for each hour worked by Defendant's employees performing jurisdictional work.

12. The Agreements prohibit the employer from subcontracting jurisdictional work to nonunion subcontractors for work performed at a jobsite. The Area Agreement provides that if Defendant subcontracts jurisdictional work to a subcontractor who is not signatory to the Area Agreement, then Defendant shall require the subcontractor to be bound by the terms of the Area Agreement or Defendant shall maintain daily records of the subcontractor's employees and pay contributions to the Trust Funds for the hours worked by the subcontractor's employees.

13. On or about March 4, 2015 at the Trust Funds' direction, the independent auditing firm Legacy Professionals, LLP initiated and attempted to conduct an audit of Defendant's books and records encompassing the Audit Period.

14. Legacy Professionals and the Trust Funds made demands on Defendant to submit to an audit of its fringe benefit contributions. Defendant failed to produce all books and records necessary to comply with its obligation to submit to an audit of its fringe benefit contributions.

15. Thereafter subsequent demands were made on Defendant for production of records but Defendant failed to produce all of the requested records. Legacy Professionals has completed a preliminary audit report based on the records produced showing that Defendant owes unpaid fringe benefit contributions.

16. Under the Agreements and ERISA, in the event an employer like Defendant resists the Trust Funds' attempt or their designated auditor's attempt to conduct an audit or otherwise obstructs completion of the audit, for example by refusing to timely provide all records it possesses which the Trust Funds' or their designated auditor believes are necessary to

complete the audit, the Trust Funds have the right to assess the employer for all of the audit costs.

17. Under the Agreements and ERISA, if the Trust Funds are required to initiate litigation to compel completion of the audit, the Trust Funds may assess an employer, like Defendant, for the costs of the audit plus all fees and costs that the Trust Funds incur in compelling the audit, including legal fees.

## **COUNT I**

18. The Pension Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

19. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Pension Fund to complete an audit of Defendant's contributions to the Pension Fund after the Pension Fund demanded an audit and/or by failing to maintain records required by the Agreements and ERISA and/or by failing to pay all amounts owed to the Pension Fund.

20. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Pension Fund incurs in the collection process.

21. The Pension Fund has complied with all conditions precedent in bringing this suit.

22. The Pension Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Pension Fund and/or to compel production of all books and records necessary for an audit.

23. Defendant must pay attorneys' fees and court costs that the Pension Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

24. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount that is due.

25. This Court should award the Pension Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Pension Fund prays for judgment in its favor which orders Defendant:

A. to produce books and records required by the Trust Funds' or their designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B. to pay any and all contribution amounts the Defendant owes the Pension Fund or which the Pension Fund is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the Pension Fund incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Pension Fund such other and further relief as the Court deems just and equitable.

## **COUNT II**

26. The Welfare Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

27. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Welfare Fund to complete

6

an audit of Defendant's contributions to the Welfare Fund after the Welfare Fund demanded an audit and/or by failing to maintain records required by the Agreements and ERISA and/or by failing to pay all amounts owed to the Welfare Fund.

28. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Welfare Fund incurs in the collection process.

29. The Welfare Fund has complied with all conditions precedent in bringing this suit.

30. The Welfare Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Welfare Fund and/or to compel production of all books and records necessary for an audit.

31. Defendant must pay attorneys' fees and court costs that the Welfare Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

32. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

33. This Court should award the Welfare Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Welfare Fund prays for judgment in their favor which orders Defendant:

    A.    to produce books and records required by the Trust Funds' or their designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B.     to pay any and all contribution amounts the Defendant owes the Welfare Fund or which the Welfare Fund is responsible for collecting or authorized to collect under the Agreements;

C.     to pay interest on the amount that is due;

D.     to pay interest or liquidated damages on the amount that is due;

E.     to pay the reasonable attorneys' fees and costs the Welfare Fund incurred in this action;

F.     to pay auditors' fees incurred to establish the amount due; and

G.     to award the Welfare Fund such other and further relief as the Court deems just and equitable.

## **COUNT III**

34.     The Trainee Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

35.     Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Trainee Fund to complete an audit of Defendant's contributions to the Trainee Fund after the Trainee Fund demanded an audit and/or by failing to maintain records required by the Agreements and ERISA and/or by failing to pay all amounts owed to the Trainee Fund.

36.     The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Trainee Fund incurs in the collection process.

37.     The Trainee Fund has complied with all conditions precedent in bringing this suit.

38.     The Trainee Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Trainee Fund and/or to compel production of all books and records necessary for an audit.

39. Defendant must pay attorneys' fees and court costs that the Trainee Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

40. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

41. This Court should award the Trainee Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

    (a)    interest on any unpaid contributions; or

    (b)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Trainee Fund prays for judgment in their favor which orders Defendant:

    A.    to produce books and records required by the Trust Funds' or their designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

    B.    to pay any and all contribution amounts the Defendant owes the Trainee Fund or which the Trainee Fund is responsible for collecting or authorized to collect under the Agreements;

    C.    to pay interest on the amount that is due;

    D.    to pay interest or liquidated damages on the amount that is due;

    E.    to pay the reasonable attorneys' fees and costs the Trainee Fund incurred in this action;

    F.    to pay auditors' fees incurred to establish the amount due; and

    G.    to award the Trainee Fund such other and further relief as the Court deems just and equitable.

## **COUNT IV**

42. The Labor/Management Fund hereby incorporates paragraphs 1 - 17 above as though fully set forth herein.

43. Defendant breached the provisions of the Area Agreements and the Trust Agreements by failing to produce books and records necessary for the Labor/Management Fund to complete an audit of Defendant's contributions to the Labor/Management Fund after the Labor/Management Fund demanded an audit and/or by failing to maintain records required by the Agreements and ERISA for work subcontracted to non-union subcontractors and/or by failing to pay all amounts owed to the Labor/Management Fund.

44. The Area Agreements and Trust Agreements require Defendant to pay liquidated damages, auditor fees, and all attorneys' fees and court costs that the Labor/Management Fund incurs in the collection process.

45. The Labor/Management Fund has complied with all conditions precedent in bringing this suit.

46. The Labor/Management Fund has been required to employ the undersigned attorneys to collect the amounts that Defendant owes the Labor/Management Fund and/or to compel production of all books and records necessary for an audit.

47. Defendant must pay attorneys' fees and court costs that the Labor/Management Fund incurs in this matter pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

48. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(B), interest on the amount due.

49. This Court should award the Labor/Management Fund, pursuant to 29 U.S.C. § 1132(g)(2)(C), an amount equal to the greater of:

(a) interest on any unpaid contributions; or

(b) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

WHEREFORE, the Labor/Management Fund prays for judgment in their favor which orders Defendant:

A. to produce books and records required by the Trust Funds' or their designated auditor for the purpose of conducting an audit of Defendant's fringe benefit contributions for the Audit Period;

B. to pay any and all contribution amounts the Defendant owes the Labor/Management Fund or which the Labor/Management Fund is responsible for collecting or authorized to collect under the Agreements;

C. to pay interest on the amount that is due;

D. to pay interest or liquidated damages on the amount that is due;

E. to pay the reasonable attorneys' fees and costs the Labor/Management Fund incurred in this action;

F. to pay auditors' fees incurred to establish the amount due; and

G. to award the Labor/Management Fund such other and further relief as the Court deems just and equitable.

        CHICAGO REGIONAL COUNCIL OF
        CARPENTERS PENSION FUND *et al.*


        By:   s/ Kevin P. McJessy
                One of Their Attorneys

Kevin P. McJessy
MCJESSY, CHING & THOMPSON, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@mcandt.com